UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 10, 2009

P.M.
TIME A.M.

-------------------------------------------------------------X

NINA J. ALBERTS,

Plaintiff,

- against -

REGINALD J. LANDEAU JR., *individually
and as an employee of New York City*, and
SUSAN STINE, *individually and as an
employee of New York City*,

Defendants.

-------------------------------------------------------------X

MEMORANDUM AND ORDER
09-CV-02162 (RRM) (LB)

MAUSKOPF, United States District Judge:

For the reasons set forth below, Plaintiff's claim may proceed against Defendants

Landeau and Stine. Plaintiff must provide addresses at which Defendants may be served within

20 days of the date of this Order.

## DISCUSSION

On May 15, 2009, Plaintiff, a teacher formerly employed by the New York City

Department of Education ("DOE"), filed this *pro se* 42 U.S.C. § 1983 action against various

employees of the DOE, DOE Chancellor Joel Klein, and the City of New York. By Order dated

June 26, 2009, the Court found that the Complaint failed to state a claim on which relief may be

granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court found that Plaintiff had not stated

a Due Process claim because she had not alleged a constitutionally protected liberty or property

interest with which the State had interfered. *See* U.S. Const. amend. XIV, § 1; *see also Ky.

Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Bd. of Regents v. Roth*, 408 U.S. 564, 569

(1972). Moreover, Plaintiff failed to state a claim against Klein or the City of New York.

1

Nevertheless, in an abundance of caution and because Plaintiff is proceeding *pro se,* the Court's June 26, 2009 Order afforded Plaintiff a 30-day period in which to file an Amended Complaint. On July 23, 2009, Plaintiff timely filed an Amended Complaint in which Plaintiff added an allegation that she was a tenured employee. (Amended Complaint at ¶ 7.) Because a tenured teacher has a property interest in her job, see *DeMichele v. Greenburgh Cent. Sch. Dist. No. 7,* 167 F.3d 784, 789 (2d Cir. 1999); *Gargiul v. Tompkins,* 704 F.2d 661, 668 (2d Cir. 1983), Plaintiff has satisfied the first step of the Due Process inquiry. She has also alleged that procedures attendant to that deprivation were constitutionally deficient. Thus, this claim may proceed against Landeau and Stine, the Defendants named in the Amended Complaint.

## CONCLUSION

The Amended Complaint alleging Due Process violations against Defendants Landeau and Stine may proceed. The Court grants Plaintiff's request to have the United States Marshals Service serve the remaining Defendants without prepayment of fees, contingent upon her providing addresses where Defendants can be served. Plaintiff is directed to provide the address for each Defendant **within 20 days** of the date of this Order. Once Plaintiff has provided addresses for the Defendants, the United States Marshals Service shall serve Defendants with copies of this Order, the June 26, 2009 Order, the Complaint, and the Amended Complaint. Plaintiff's failure to provide addresses for Defendants will cause the responsibility for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure to be returned to Plaintiff, in which case Plaintiff will be required to cause service to be effectuated or risk dismissal for failure to prosecute.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of any such appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      August 6, 2009

ROSLYNN R. MAUSKOPF
United States District Judge